IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERBERT S. POWELL,** | : | |
| Petitioner | : | Civil Action No. 1:07-CV-01723 |
| v. | : | (Chief Judge Kane) |
| **RONNIE R. HOLT,** | : | |
| Respondent | : | |

### MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Herbert S. Powell ("Powell"), an inmate currently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania. Powell is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons that follow, the petition will be denied.

**I.   BACKGROUND**

On June 18, 1999, Powell was sentenced to term of five (5) years of probation in the Superior Court of Mercer County, New Jersey after pleading guilty to one count of theft by deception.[1] After being placed on supervised release from that state sentence, at some time between July 2002 and December 2002, Powell committed one count each of the federal offenses of conspiracy to commit bank fraud, see 18 U.S.C. § 371, and bank fraud, see 18 U.S.C. § 1344. (Doc. No. 9-3, at 13.) Federal authorities arrested Powell on those charges on June 23,

---

[1] Respondents have submitted the declaration of Forest B. Kelly, correspondence and policy specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas, which verifies the accuracy of Powell's inmate records, judgment and commitment files, and sentence computations. (Doc. No. 9-3, Ex. A.) Also attached as exhibits are the relevant records pertaining to Powell's federal sentence. (Id.)

2003. (Id. at 19.)

On June 26, 2003, federal authorities lodged a detainer against Powell and in favor of New Jersey authorities in order for the state court to sentence Powell on a parole violation. (Id.) As a result, Powell was released from federal custody via bond on August 19, 2003, and placed in the custody of New Jersey authorities. (Id. at 20.)

On November 7, 2003, Powell was sentenced in the Superior Court of Mercer County to a term of imprisonment of five (5) years on parole violation charges. (Id. at 10.) At that time Powell received 81 days of credit toward his state sentence from August 19, 2003 (the date he was placed in the custody of New Jersey authorities), to November 7, 2003 (the date he was sentenced on the parole violation in state court). (Id.)

On November 10, 2003, Powell was produced from New Jersey custody pursuant to a federal writ of habeas corpus *ad prosequendum* for sentencing in the United States District Court for the District of New Jersey on the federal counts of conspiracy to commit bank fraud and bank fraud. (Id. at 20.) The court sentenced Powell to a term of imprisonment of 56 months on both counts, to run concurrently with each other and consecutively to the state sentence. (Id. at 13-14.)

On February 2, 2005, Powell was returned to the custody of the State of New Jersey. (Id. at 20.) However, during the period of time, November 10, 2003, through February 2, 2005, New Jersey authorities still maintained primary custody over Powell, with federal officials assuming secondary custody.

Powell was paroled from his state sentence on March 13, 2006, at which time federal authorities assumed primary custody. The New Jersey Department of Corrections credited

Powell from August 19, 2003, to March 13, 2006, or 938 days, against his state sentence imposed on November 7, 2003.  (Id. at 25.)

After it assumed federal custody of Powell on March 13, 2006, the BOP calculated his federal sentence.  Powell received credit toward his federal sentence for time spent in the primary custody of federal authorities from June 23, 2003 (the date he was arrested by federal authorities on federal bank fraud charges), to August 19, 2003 (the date he was placed in the custody of New Jersey authorities).  (Id. at 30.)  Based on that calculation, Powell is currently scheduled for release from BOP custody, via good time conduct release, on February 8, 2010.  (Id.)

Powell filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 21, 2007 (Doc. No. 1), challenging the federal sentence calculation.  On November 1, 2007, an order to show cause was issued, directing the respondent to reply to Powell's petition. (Doc. No. 4.)  Respondent has filed his response. (Doc. No. 9.)  Powell has not filed a reply to the response, and the time for doing so has passed.  (See Doc. No. 4.)  Consequently, the matter is now ripe for disposition.

## II.    DISCUSSION

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Thus, Powell has properly invoked § 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is

3

imprisoned.  Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*.  Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002);[2] Chambers, 920 F. Supp. at 622.  This is because the state, not the federal government, remains the primary custodian in those circumstances.  Further, the jurisdiction that first arrests an

---

[2] In Ruggiano, the Third Circuit Court of Appeals held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. § 5G1.3(c).  Notably, the application note 3(E) to § 5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.3(E) (2003)) appears to conflict with the holding in Ruggiano.  The note provides that, "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment."  Although credit may be given in extraordinary circumstances for time served on a pre-existing sentence, the credit is properly deemed a downward departure and not an adjustment.  Notwithstanding this note, Ruggiano remains the controlling precedent.  While the Third Circuit has addressed the effect of note 3(E) on the Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done so in a "precedential" opinion.  See United States v. Destio, 153 F. App'x. 888, 893-94 (3d Cir. 2005).

offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. See Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998); Chambers, 920 F. Supp. at 622.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1)  as a result of the offense for which the sentence was imposed; or
>
> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. See also Chambers, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

In the instant case, Powell seeks prior custody credit toward his federal sentence from November 10, 2003, through February 2, 2005 (a total of 453 days). (See Doc. No. 1 at 9-12.) This is the exact period of time Powell spent in federal custody pursuant to the federal writ of habeas corpus *ad prosequendum*. Consequently, Powell's claim is without merit. See Ruggiano, 307 F.3d at 125 n.1 ("[T]ime spent in federal custody pursuant to a writ *ad prosequendum* is

credited toward his state sentence, not his federal sentence."). The fact that Powell was temporarily released to federal secondary custody pursuant to a federal writ of habeas corpus *ad prosequendum* does not change the fact that the state retained primary jurisdiction. See Chambers, 920 F. Supp. at 622. Moreover, the record reflects that Powell already received credit toward his state sentence for this period of time spent pursuant to the federal writ. (See Doc. No. 9-3 at 25.) As a result, under § 3585(b), Powell was not entitled to receive credit toward his federal sentence for the same time period because that time had already been credited against his state sentence.[3] Therefore, the BOP did not err in its calculation of Powell's federal sentence.

## III. CONCLUSION

Based on the foregoing, Powell has been awarded all credit to which he is entitled. Accordingly, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

---

[3] In his response to the petition, Respondent assumes that Powell is actually seeking credit towards his federal sentence from August 20, 2003 (the date after he was placed in the custody of New Jersey authorities), through March 12, 2006 (the date before he was paroled on his state sentence and returned to federal custody). (See Doc. No. 9, note 1 at 2.) Under § 3585(b), Powell would not be entitled to receive credit toward his federal sentence for this period of time because that time had already been credited against his state sentence. (See Doc. No. 9-3, at 25.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**HERBERT S. POWELL,** :
:
    Petitioner : Civil Action No. 1:07-CV-01723
:
v. : (Chief Judge Kane)
:
**RONNIE R. HOLT,** :
:
    Respondent :

## ORDER

**AND NOW**, this 4th day of January, 2008, upon consideration of Herbert S. Powell's petition for writ of habeas corpus (Doc. No. 1), and for the reasons set in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. No. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                        s/ Yvette Kane
                        Yvette Kane, Chief Judge
                        United States District Court
                        Middle District of Pennsylvania