IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT S. POWELL, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1723 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| RONNIE R. HOLT, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

Before the Court is Petitioner Herbert Powell's motion for reconsideration of the Court's memorandum and order of January 4, 2008 (Doc. No. 10), denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the instant motion (Doc. No. 12) will be denied.

**I.      Background**

Petitioner, an inmate currently incarcerated at the United States Penitentiary at Canaan, in Waymart, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 21, 2007, challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. Specifically, Petitioner sought prior custody credit toward his federal sentence from November 10, 2003, through February 2, 2005 (a total of 453 days). (See Doc. No. 1 at 9-12.) However, this is the exact period of time Petitioner spent in federal custody pursuant to the federal writ of habeas corpus *ad prosequendum*. Consequently, Petitioner's claim was without merit. See Ruggiano v. Reish, 307 F.3d 121, 125 n.1 ("time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence."). By memorandum and order dated January 4, 2008, the Court denied Petitioner's

habeas petition.[1]  (Doc. No. 10.)

Consequently, Petitioner filed the instant motion for reconsideration.  (Doc. No. 12.) After careful review, the Court will deny the motion.

## II.     Discussion

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used

---

[1] In the instant motion, Petitioner claims that the Court should reconsider its January 4, 2008, order because it was issued prior to the docketing of Petitioner's timely traverse, which consequently was not considered by the Court.  Petitioner's traverse, however, presents the same facts and arguments that Petitioner set forth in his habeas petition.  (See Doc. No. 11.)  Since the Court considered these facts and arguments in its determination of Petitioner's habeas petition, (see Doc. No. 10), the Court need not reconsider the habeas petition in light of the timely filed traverse.  The Court will, however, consider the entire record in ruling on the instant motion.

as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Petitioner claims that the Court should reconsider its "stone-age decision" because the matters in his traverse "substantially rebut[]" the Court's ruling. (Doc. No. 12.) Petitioner's traverse, however, simply restates much of the argument made in his original habeas petition.[2] Therefore, applying the standard used when a party seeks reconsideration, the Court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the Court finds no intervening change in controlling law and no error of law or fact. Additionally, Petitioner's restated arguments do not constitute new evidence that was unavailable when the Court entered judgment. Thus, the Court finds no basis to reconsider its findings that Petitioner has received all credit toward his federal sentence to which he is entitled.

An appropriate order will issue.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        Middle District of Pennsylvania

Dated: February 13, 2008.

---

[2] In his traverse, Petitioner seeks credit toward his federal sentence from "August 20, 2003 to March 12, 2006 - and/or November 20, 2003 through February 2, 2005." (Doc. No. 11 at 4.) This period of time was considered by the Court in its memorandum and order dated January 4, 2008, thus need not be reconsidered here. (See Doc. No. 10 at 6 n.3.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HERBERT S. POWELL,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1723 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **RONNIE R. HOLT,** | : | |
| | : | |
| Respondent. | : | |

**ORDER**

**AND NOW**, this 13th day of February, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. No. 12) is **DENIED**.

                                                   S/ Yvette Kane
                                                   Yvette Kane, Chief Judge
                                                   Middle District of Pennsylvania